# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**STEPHEN MICHAEL COMBS**                                                         **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO.** 3:19-cv-916 HTW-LRA

**MANAGEMENT & TRAINING
COPORATION and JOHN AND
JANE DOES 1-100**                                                                 **DEFENDANTS**

## COMPLAINT
*Jury Trial Demanded*

1. COMES NOW the Plaintiff, Stephen Michael Combs, (hereinafter "Plaintiff") by and through his undersigned counsel of record, Sellers & Associates, PLLC, and files this his Complaint, and would show unto the Court the following:

## JURISDICTION AND VENUE

2. Jurisdiction and Venue are proper with this Court due to subject matter jurisdiction because this cause arises under a federal question pursuant to 42 U.S.C. 1983 as well as the 8th and 14th Amendments to the United States Constitution. The Court also has supplemental jurisdiction over the Plaintiff's state causes of action.

3. Venue is appropriate in this Court as all acts and/or omissions occurred in Lauderdale County, which is located within the Southern District of the United States District Court, Northern Division.

## PARTIES

4. Plaintiff is an adult resident citizen currently in the custody of Mississippi Department of Corrections. At all times material to this Complaint, he was a prisoner incarcerated at EMCF. Substantial acts, omissions, and events which caused Plaintiff's injuries took place in Lauderdale County, Mississippi.

5.	Defendant, Management & Training Corporation (hereinafter "MTC"), a national for-profit prison operator incorporated and existing in the State of Utah, was given a contract by the Mississippi Department of Corrections ("MDOC") in April, 2012 for the managing and oversight of the prison's daily operations, under which it has the responsibility for providing humane care and treatment consistent with all constitutional and ACA standards. MTC's 5,545 employee corrections division operates twenty-four (24) correctional facilities throughout the United States, with seventeen (17) contracts with state correctional departments and seven (7) federal correctional agencies. The acts, omissions and events giving rise to Plaintiff's complaint occurred under MTC's management. MTC's principal place of business is located at 500 North Marketplace Drive, Centerville, Utah 84014, and is subject to the in personam jurisdiction of the Court by service of process upon its appointed registered agent, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Rankin County, Mississippi 39232.

6.	Defendants John and Jane Does 1-100 are unknown MTC officers, employees, agents, and or servants. Plaintiffs will amend this Complaint to allege their true names and allege that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as alleged herein, were proximately caused by their conduct. Plaintiff, upon information and belief, asserts that the Doe Defendants were the officers, agents, servants, and employees of each of the other Defendants herein, and were acting with the permission and consent within the course and scope of said agency and employment.

## **FACTS**

7.	On or about December 12, 2016, Plaintiff was brutally attacked by another inmate while being escorted by MTC officers from his cell. Plaintiff was struck multiple times in the head and right ear by said inmate causing injury so severe that Plaintiff had to be transported to the

emergency room for treatment.

8.  As a result of this barbaric and heinous act, Plaintiff suffered serious physical and mental injuries.

9.  Authenticated video of the incident clearly demonstrates that Defendants failed to take the steps to intervene and prevent this brutal attack. As such, Defendants failed to follow procedure to make sure the inmate that attacked Plaintiff was in his proper location or that Plaintiff was safely escorted from his cell by correctional officers. MTC and their employees were negligent, reckless and/or grossly negligent. MTC and its employees violated Plaintiff's constitutional rights. Moreover, said injuries sustained by Plaintiff were foreseeable by Defendant.

## § 1983 CAUSES OF ACTION

13. By failing to follow proper procedure to ensure the safety of Plaintiff while he was being escorted by MTC officers about December 12, 2016, Defendant MTC and Doe Defendants 1-100 clearly violated Plaintiff's established constitutional rights, including but not limited to:

   a)  Cruel and unusual punishment under the Eighth and Fourteenth Amendments;

   b)  Plaintiff's right not to be deprived of liberty without due process of law;

   c)  Plaintiff's right to be safe and protected from injuries while in Defendants' custody;

   d)  Plaintiff's right to be protected by the correctional officers while under their control;

   e)  Plaintiff's right to be free from excessive and unreasonable force; and,

   f)  Plaintiff's right to necessary medical treatment for his serious medical treatment.

14. As a direct and foreseeable result of Defendants' actions, Plaintiff suffered damages including but not limited to, physical injuries, emotional distress, mental anguish, as well as pain and suffering.

15. Defendant MTC, by and through Doe Defendants 1-100 in their individual and official capacities, established customs, policies and practices which directly and proximately caused the deprivation of the Plaintiff's constitutional rights as alleged herein. Defendants were deliberately indifferent to the safety of the Plaintiff and other EMCF inmates. These policies created unconstitutional conditions of confinement.

16. Such unwritten policies, customs and practices include but are not limited to the following:

> a. inadequate and improper training, supervision and discipline of EMCF corrections officers;
>
> b. inadequate and improper procedures and practices in screening, hiring, training, supervising and disciplining officers who practice, condone or use excessive force upon EMCF inmates, or allow inmates to sexually assault other inmates, including the Plaintiff, in violation of their constitutional rights.
>
> c. inadequate and improper procedures, policies and practices for investigating improper activities by EMCF correctional officers and gangs either through offender complaints of misconduct or through internally-initiated complaints or investigations.
>
> d. inadequate or improper procedures, policies and practices for identifying and taking appropriate action against EMCF correctional officers who are in need of re-training, corrective measure, reassignment, or other non-disciplinary actions, through a positive or early warning system designed to prevent the violation of inmates' rights.
>
> e. failing to conduct routine cell checks;
>
> f. allowing inmates to leave their cells freely due to faulty locks on the cell doors.

## NEGLIGENT HIRING AND SUPERVISION

17. Plaintiff alleges Defendants MTC and Doe Defendants 1-100 negligently hired, supervised, and retained its employees, inter alia, by a) failing to care for and ensure the Plaintiff's

safety while at EMCF; b) properly train, supervise, discipline, retain, hire, and/or discharge its employees agents, and/or representatives; and c) were otherwise negligent in their care and treatment of the Plaintiff, and as a direct and proximate result, the Plaintiff sustained the harms alleged herein.

## RESPONDEAT SUPERIOR

18. Defendants MTC and other unknown EMCF correctional officers (Does 1-100) acted with negligence, gross negligence, and/or intentionally by allowing or failing to prevent the Plaintiff's physical assault on or about December 12, 2016. At all times relevant, each Defendant owed a duty to the Plaintiff to ensure his safety, and the Defendants breached this duty. The actions and inactions of Defendant MTC and/or other EMCF correctional officers led directly to the injuries suffered by the Plaintiff. MTC as Defendant John and Jane Does 1-100's employer is liable for their actions which were undertaken during the course and scope of their employment at MTC.

19. MTC is also responsible for the actions and inactions alleged herein against Defendants MTC and John and Jane Does 1-100 which caused the damages suffered by the Plaintiff. Also such actions and/or inactions by the individual Defendants were committed within the course and scope of their employment with MTC.

## PUNITIVE DAMAGES

20. The Plaintiff incorporates all allegations set forth in Paragraphs 1 through 19.

21. The Defendants have acted in complete disregard for the safety of the Plaintiff by acting in a grossly negligent manner as previously described herein. The actions of the Defendants warrant punitive damages.

22. The Defendants' actions exhibited gross negligence and direct disregard of the safety of the Plaintiff. Punitive damages should be awarded against the Defendants. Defendants' tortuous actions have caused the Plaintiff bodily injures, emotional distress and mental anguish.

## **PRAYER FOR RELIEF**

The Plaintiff requests a jury trial and seeks the following relief:

A. Compensatory damages of, from and against the Defendants, each and severally, in amount to be determined by this Court.

B. Punitive damages of, from and against the Defendants, in an amount to be determined by this Court.

C. Reasonable attorney's fees and all costs of this court.

D. Pre and post judgment interest.

E. Such other general and special relief as appears reasonable and just in this cause.

RESPECTFULLY SUBMITTED, THIS the 12th day of December, 2019.

MICHAEL COMBS., PLAINTIFF

BY: /s/ Kelly M. Williams
AAFRAM Y. SELLERS, MSB #100261
KELLY M. WILLIAMS, MSB #104841

OF COUNSEL:

AAFRAM SELLERS, MSB #100261
KELLY WILLIAMS, MSB #104841
SELLERS & ASSOCIATES
395 EDGEWOOD TERRACE DRIVE
JACKSON, MS  39206
Telephone:  (601) 352-0102
Facsimile:   (601) 352-0106
Email: aafram@sellerslawfirm.net
kwilliams@sellerslawfirm.net